UNITED STATES of America, Plaintiff–Appellee,

v.

Uriah D. KOLESKI, Defendant–Appellant.

No. 01–1400.

United States Court of Appeals, Tenth Circuit.

April 18, 2002.

Before KELLY, McKAY, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT*

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant appeals his sentence for fraud entered after a plea agreement in which the amount of the loss was stipulated to be $77,059. The presentence report concluded that the actual loss was in fact $83,432. The trial court agreed and rejected Appellant's proffered loss recalcu-

---

lation of $68,191. Appellant's proffer did not include any newly discovered evidence and contradicted the amount to which he had previously stipulated. Appellant's proffer, if accepted by the court, would have reduced the relevant offense conduct range by one point. The difference between the stipulated sum and the sum found by the court would not change the Appellant's range of punishment.

Counsel filed a brief following the mandate of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This filing included all the appropriate notices to Appellant. Counsel filed a simultaneous Motion to Withdraw. Appellant has not notified this court that he has new counsel nor has he filed a supplemental brief.

Apparently, Appellant challenges the trial court's finding regarding the actual amount of loss. It is well established that a district court's findings regarding relevant specific offense conduct resulting in a higher specific offense calculation than the conduct stipulated in the plea agreement is not a breach of the plea agreement. *United States v. Easterling*, 921 F.2d 1073, 1080 (10th Cir.1990); *United States v. Rutter*, 897 F.2d 1558, 1564–65 (10th Cir.1990). A defendant's stipulation waives any challenge contrary to the stipulation. *United States v. Newman*, 148 F.3d 871, 878 (7th Cir.1998). Furthermore, even if Appellant were not bound by his stipulation, the trial court's finding is not clearly erroneous.

Counsel's Motion to Withdraw is GRANTED. The conviction and sentence are AFFIRMED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.